FILED
SUPERIOR COURT
OF GUAM

2018 JUN 13 PM 2: 48

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DUKE T. HIYAMA, | Civil Case No. CV0143-17 |
| Plaintiff, | |
| vs. | DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO CONDUCT POST JUDGMENT DISCOVER AND TO SET ASIDE DEFAULT JUDGMENT |
| JESSE S. LUJAN & OFFICE CREATIVITY CORP., | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. on October 17, 2017, on Jesse S. Lujan and Office Creative Corp.'s ("Defendants") Motion to Set Aside Default Judgment and Motion to Conduct Post-Judgment Discovery. Attorney Terence E. Timblin, Esq. appears on behalf of the Defendant. Attorney Michael J. Gatewood, Esq. appears on behalf of Duke T. Hiyama ("Plaintiff"). Having reviewed the evidence and the arguments presented, the Court issues the following Decision and Order DENYING the Defendants' motions.

/ / /

/ /

/

# BACKGROUND

On February 10, 2017, Plaintiff filed a Complaint against Defendants, seeking damages pursuant to a promissory note. Defendant Lujan was served with the Summons and Complaint on February 13, 2017. Defendant Lujan did not have an attorney at the time he was served with Plaintiff's Complaint. On February 14, 2017, Defendant Lujan went to the office of attorney Michael J. Gatewood, where the two discussed a payment plan to resolve the claim. Mr. Gatewood called Defendant Lujan approximately one week later asking Defendant Lujan to return to his office, where the two again discussed a payment plan. On March 24, 2017, Plaintiff filed a Request for Entry of Default.

Plaintiff served a Notice of Hearing Re Default Judgment on Defendants' office on April 19, 2017. At that time, Defendant Lujan was working on a three month project at Andersen Air Force Base and was not working out of his office. On June 12, 2017, the Court entered Default Judgment against Defendants. After finally seeing the Notice, Defendant Lujan went to Mr. Gatewood's office on August 7, 2017 to further discuss the lawsuit. At this time Defendant Lujan made a payment of $7,000.00.

In August of 2017, Plaintiff obtained a Writ of Execution and levied three bank accounts, three vehicles, and personal property of the Defendants. Plaintiff has collected an estimated sum in excess of $30,000.00 since the levy was first served. On October 17, 2017, Defendants filed this Motion to Set Aside Default Judgment.

On October 17, 2017, Defendants filed the instant Motion to Set Aside the Default Judgment and subsequently made a post-judgment discovery request on Plaintiff requesting for information as to an alleged agreement between the parties in which Plaintiff agreed for Defendants to waive amounts owed to Plaintiff in exchange for an equity interest in Defendant Lujan's company. Defendants further allege that such an agreement serves as the basis to set aside Plaintiff's judgment in this matter. Plaintiff denies any such agreement existed. Defendants claim that such a written agreement was executed by the

parties before a Guam notary public but that Defendant was unsuccessful in obtaining any such affidavit from the notary pubic attesting that such an agreement was executed before it or obtaining a copy of the written agreement from said notary public. Defendant has not provided any other evidence to the Court of the existence of such an agreement.

## DISCUSSION

I.      MOTION TO CONDUCT POST-JUDGMENT DISCOVERY

Defendants rely on <u>Goldy v. Beal</u>, 91 F.R.D 451 (1981) as legal authority in support of Defendants' request to conduct post-judgment discovery in this case. Defendants claim that if such discovery was permitted, Defendants would be able to prove that a prior agreement existed between the parties which would in turn support Defendant's Motion to Set Aside Plaintiff's judgment. In *Goldy* however, the Court stated that an attempt by a losing party to overturn a judgment places a <u>heavy burden</u> on any party who seeks such relief and it is within the Judge's discretion to require the moving party to make a showing in support of the allegations before requiring the prevailing party to conduct discovery to protect it's judgment. Id. (Citing H.K Porter Company Inc. v. Goodyear Tire & Rubber Company, 536 F.2d 1115 (6th Circuit 1976). In this case, Defendants have failed to make any showing, except for Defendants' unsupported allegation that a prior agreement existed between the parties to support Defendant's Motion to Set Aside Plaintiff's Judgment. This court finds that Defendant has not met its heavy burden in showing that post-judgment discovery should be permitted and therefore denies Defendant's request.

/ / /

/ /

/

## II.    MOTION TO SET ASIDE JUDGMENT

For good cause shown, a court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). *See* GRCP 55(c). Rule 60(b) provides, in part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

GRCP 60(b).

Generally, a court will deny a motion to set aside a default judgment "if it is shown that (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea v. HK Eng'g,* 1998 Guam 14 ¶ 5. (citations omitted). A finding of but one of the three elements is sufficient to deny vacation of a judgment. *Id.* (citation omitted).

Two policy determinations drive Rule 60(b) review – that the rule is meant to be remedial in nature and should be applied liberally, and that a default judgment is considered to be a drastic measure, only appropriate in extreme circumstances because, whenever possible, cases should be decided on their merits. *Id.* (citation omitted).

///

//

/

## A. <u>Defendants culpable conduct led to the default.</u>

The Guam Supreme Court has held that a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer. *Melwani v. Arnold*, 2010 Guam 7 ¶ 31. Defendants have admitted to reading and receiving the Summons and Complaint. The Summons served upon Defendants clearly states that if Defendants failed to respond then Judgment by Default would be taken against them for the relief demanded in the complaint. Defendant Lujan argues that his conduct was not culpable, as he believed that his visit to the office of Plaintiff's counsel was a sufficient response to the Complaint.

Applying the culpable conduct element to a party's failure to answer a complaint, the Ninth Circuit has reasoned "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily – although it certainly *may be*, once the equitable factors are considered – culpable or inexcusable." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)(emphasis added), overruled on other grounds by *Egelhoff v. Egelhoff ex Rel. Breiner*, 532 U.S. 141 (2001).

Where a failure to answer is present, the "Ninth Circuit has only found culpability based simply on the failure to answer after being provided with notice in some limited circumstances in which the moving party was a 'legally sophisticated entity or individual,' and has specifically cautioned against such a finding when the individual was 'not a lawyer' and was unrepresented at the time of default." *Pacific Renewable Energy Solutions, Inc. v. Sedna Aire America, LLC*, No. CIVIL CASE 11-00019, 2013 WL 1352063, at *4 (D. Guam Apr. 2, 2013)(citing *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1093 (9th Cir. 2010)).

Here, Defendants were unrepresented at the time of Entry of Default. However, the Court finds that Defendant Lujan is a sophisticated litigant and that his failure to adequately respond to the Complaint constitutes culpable conduct. Further, Defendants did

not file their Motion to Set Aside Default Judgment until four months after the Entry of Default. Collection of the judgment began shortly after Entry of Default and continued during this four month period. Defendants' failure to promptly file the Motion to Set Aside equates to additional culpable conduct.

## B. Defendants do not have a meritorious defense.

A finding of but one of the three elements from *Midsea* is sufficient to deny vacation of a judgment, but the court will nonetheless discuss the other two elements.

· The Ninth Circuit has held that in order to "demonstrate the existence of a meritorious defense, a party must offer more than mere conclusory assertions but must present specific facts that would constitute a defense if the litigation was permitted to proceed." *TCI Group,* 244 F.3d at 700 (internal citations omitted). The Supreme Court of Guam, citing Ninth Circuit precedent, has held that the court "must determine whether there is some possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default." *Midsea Indus.,* 1998 Guam 14 ¶ 10. While the burden is on the party seeking to vacate the default judgment, the burden "is not extraordinarily heavy; the only requirement is that a sufficient defense is assertible and litigation of the claims would not be wholly empty exercise." *Id.* Put another way, all that is necessary is to allege sufficient facts that if true, would constitute a defense; the question of whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of later litigation. *Pacific Renewable Solution,* WL 1352063 at *4-5; *see also Schwab v. Bullocks, Inc.,* 508 F.2d 353, 374 (9th Cir. 1974)(reasoning the success of defense is not the standard and rather, "[d]efendants' allegations are meritorious if they contain even a hint of a suggestion, which, if proven at trial, would constitute a defense).

Defendants argue that they entered into a written agreement with Plaintiff to convert the debt into an equity interest in Office Creativity Corporation. Defendants further argue that Plaintiff has refused to honor this agreement. Defendants further claim that they attempted to obtain a notarized copy of this agreement from the notary public before whom the agreement was executed or obtain an affidavit from the notary public that such an

agreement was executed before it but failed to do so. No other corroborative evidence was provided to the court indicating the existence of such an agreement, such as emails or third party affidavits. Consequently, it is apparent to the court that post-judgment discovery in this case would amount to little more than a "fishing expedition" unlikely to yield any evidence in support of Defendants' Motion to Set Aside the Judgment.

### C. Plaintiff will be prejudiced if the Default Judgment is set aside.

The Supreme Court of Guam has found that the Plaintiff cannot simply "say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations." *Midsea Indus.* at ¶ 16. Similarly, a defendant may not just "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." *Id.* For a delay to be prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion... Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." *Pac. Renewable Energy Sols.,* 2013 WL 1352063 at *6 (citing *TCI Group,* 244 F.3d at 701)(internal quotations omitted). Prejudice also exists where the "non-defaulting party's ability to pursue the claim is hindered by substantial reliance on the judgment." *Falk,* 739 F.2d at 463.

Plaintiff argues that he will be prejudiced if the default judgment is set aside as there is an increased potential for fraud or collusion in this case as delays continue. Plaintiff notes that Defendant Lujan has begun transferring assets to his wife in order to avoid having those assets levied upon and seized by the Marshal of the Court. Plaintiff contends that the setting aside of default judgment is a means by which Defendants can buy themselves time to hide assets, prejudicing Plaintiff.

Lastly, Plaintiff argues that he has substantially relied upon the entry of default judgment. Plaintiff points out that he has expended time, money, and resources to levy the Defendants' property. This is evidenced by the fact that Plaintiff has already collected a

substantial amount of property from the Defendants. For this reason, the Court finds that Plaintiff will be prejudiced if the Default Judgment is now set aside.

## CONCLUSION

Based on the foregoing, Defendants' Motions to Conduct Post-Judgment Discovery and to Set Aside the Default Judgment are hereby DENIED.

SO ORDERED this ___13TH___ day of June, 2018.

HONORABLE BENJAMIN C. SISON, JR.
Magistrate Judge, Superior Court of Guam



SERVICE VIA COURT P...
I ... that a ... the original ... was ... in the court ...
Tim Ryan
GATEWAD
6/13/18 Time: ___ JR
... mma
Deputy ... of Court ...